UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MEECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:15-cv-00144-JMS-MJD |
| | ) |
| RAY'S, LLC doing business as RAY'S TRASH SERVICE, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON PLAINTIFF'S MOTION TO QUASH DEFENDANT'S NON-PARTY REQUESTS FOR PRODUCTION AND SUBPOENAS

This matter is before the Court on *Plaintiff's Motion to Quash Defendant's Non-Party Requests for Production and Subpoenas*. [Dkt. 37.] Defendant Ray's, LLC, Plaintiff's former employer, proposes to serve non-party production requests to two subsequent employers of Plaintiff, including his current employer. Plaintiff objects, arguing in part that the requests are invasive of his privacy and would potentially jeopardize his relationship with his current employer. The Court held a hearing in the matter on November 5, 2015. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

A subpoena may be quashed or limited by the district court when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or when the burden of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). Because of the concern for adverse employment consequences, courts in this district have consistently quashed non-party discovery to a plaintiff's current employer. *See Moffatt v. Seymour Tubing, Inc.,* IP01-C-1953-B/S (S.D.

1

Ind. Jul. 12, 2002) (regarding "routine discovery requests to former and subsequent employers, the magistrate judge determines that the potential relevance of any information obtained by such discovery is limited, while the potential for prejudice to the plaintiff-especially where her current employer is concerned-is high). *See also Pennington v. G.H. Herrmann Funeral Home, Inc.*, 2010 WL 148242, at *2 (S.D. Ind. 2010) (quashing subpoenas to plaintiff's employers because they would be "oppressive and harassing.")

Defendant seeks all of Plaintiff's employment records from Elwood Staffing, where Plaintiff worked immediately after Defendant, and Cummins, Inc., Plaintiff's current employer. Specifically, Defendant seeks documents such as Plaintiff's employment application, and documents relating to Plaintiff's job search/placement, work restrictions or requests for accommodation, medical files, and payroll or compensation documents. Defendant argued these documents are relevant both to the merits of Plaintiff's claims and the mitigation of damages. However, Defendant was unable to provide a specific reason why information from a *subsequent* employer is relevant to this action. At best, Defendant could only argue the requests could yield relevant documents. Moreover, Plaintiff has already provided Defendant with releases to obtain his medical records, his 2014 W2 and payroll stubs showing his year-to-date 2015 income.[1]

Defendant also vaguely argued it is entitled to the information to evaluate Plaintiff's credibility. For example, Defendant wants to confirm Plaintiff actually provided certain medical documents to his subsequent employers that he purports to have provided. But again, Defendant can point to nothing specific that indicates Plaintiff was untruthful with his other employers. "[R]ather, the Defendant simply wants to 'fish around' in order to see what it might uncover. . .

---

[1] Defendant asserts the compensation records Plaintiff provided were incomplete. At the hearing, Plaintiff agreed to provide Defendant with a complete set of pay stubs from Cummins and to allow Defendant to seek compensation records from Elwood Staffing.

and, again, the Defendant simply is not entitled to amass a collection of documents in hopes of finding something useful." *Woods v. Fresenius Medical Care Grp. of North America*, 2008 WL 151836, at *2 (S.D. Ind. 2008).

The Court finds the potential relevance of the information obtained by the proposed subpoenas is outweighed by the potential for prejudice to Plaintiff. Therefore, the Court **GRANTS** *Plaintiff's Motion to Quash Defendant's Non-Party Requests for Production and Subpoenas*. [Dkt. 37.]  Defendant's subpoena to Cummins is quashed in its entirety. Per Plaintiff's agreement at the hearing, Defendant may serve a modified subpoena to Elwood Staffing requesting only Plaintiff's compensation records. Plaintiff shall provide Defendant with a complete set of pay stubs from Cummins on or before **December 1, 2015**.

Dated:  06 NOV 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bradley L. Wilson
JOHN H. HASKIN & ASSOCIATES
bwilson@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com

Theresa Renee Parish
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
theresa.parish@odnss.com