UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MEECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00144-JMS-MJD |
| | ) |
| RAY'S, LLC doing business as RAY'S TRASH SERVICE, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on *Defendant's Motion for Sanctions for Plaintiff's Interference with Discovery Process and for Entry of Protective Order*. [Dkt. 36.] Defendant alleges Plaintiff James Meece ("Meece") threatened a process server with a gun thereby preventing him from serving a notice of deposition and subpoena on Plaintiff's son, Tyler Meece. Defendant seeks sanctions against Meece pursuant to the Court's inherent authority for inappropriate conduct and interference with the discovery process. The Court held a hearing on Defendant's Motion on November 5, 2015, and a supplemental hearing on November 20, 2015. For the reasons set forth below, the undersigned Magistrate Judge recommends the Court **GRANT** Defendant's Motion.[1]

**I.    Background Facts**

Meece filed this action against his former employer, Defendant Ray's LLC, for alleged violations of the Age Discrimination in Employment Act ("ADEA") and the Americans with

---

[1] As the deposition of Tyler Meece was completed as scheduled, Defendant's request for a protective order is moot.

Disabilities Act ("ADA").  Planning to depose Meece's adult son, Tyler Meese ("Tyler"), a former employee of Ray's, Defendant hired a process server, Mike Bauer, to serve Tyler with a notice of deposition and subpoena. Shortly before noon on Sunday, October 18, 2015, Bauer arrived at Plaintiff's rural Brown County home.  Meece was outside the home cooking on a smoker and approached the passenger side of Bauer's pickup truck.  Meece testified that Bauer identified himself as being with "Confidential Investigations," but did not give his name or show identification.  Meece further testified that Bauer stated he was there to give Tyler some paperwork and a check.  When Meece asked for an explanation, Bauer reportedly said the paperwork had something to do with "Tyler's dad."  Meece then began to tell Bauer about the lawsuit and how he believed he had been unjustly terminated.  Meece sent his wife inside the home to retrieve their son.

  The testimony of Meece and Bauer diverge slightly from this point.  Bauer testified that he clearly identified himself and told Meece that he was there to serve a subpoena. Bauer stated that, after explaining that he has been wrongfully terminated by Ray's, Meece became agitated and told Bauer that Tyler had nothing to do with his lawsuit and he would not testify in a deposition.

  Meece conceded that he told Bauer about his lawsuit and the termination of his employment, but testified that he was not sure who Bauer was or why he was on the property. Meece stated that Bauer had hunting gear in the cab of his truck, including a "cocked," but not loaded, crossbow.  Meece further testified that, as a former correctional officer, he was concerned about the possibility of former inmates tracking him down and harming him or his family. Meece stated that he became fearful for his safety and felt threatened by Bauer, who did not exit the vehicle.

Meece testified that he asked Bauer to leave his property four or five times, then told Bauer he had three seconds to leave his property or he would go inside and get his gun. Bauer left without serving the documents. Defendants later served Tyler by certified mail and the deposition occurred as scheduled on November 10, 2015. Defendant seeks sanctions against Meece for inappropriate conduct and interference with the discovery process and requests that the Court order Meece to pay the process server fee of $251.82.

## II.     Discussion

Meece told Bauer he had three seconds to leave his property or he would go inside and get his gun. That is not disputed. Meece also understood that Bauer was there to serve paperwork on his son for this lawsuit. Meece attempts to dispute that, but his testimony was not credible. If Meece truly did not understand why Bauer was there, he would not have told him the story of his lawsuit or remark that his son was not involved. But perhaps what troubles the Court most was Meece's testimony that he felt threatened by Bauer and feared for the safety of himself and his family. Bauer did not even get out of his pickup truck. Moreover, Meece actually sent his wife inside to bring his son out to the driveway. Had Meece truly been fearful for his safety, he would have sent his wife away from the potentially dangerous situation; he would not have instructed his wife to bring his son into that allegedly dangerous situation. The Court concludes that Meece not only obstructed the execution of the subpoena, which is a criminal offense under federal and Indiana law,[2] but he also was dishonest in his testimony to the Court.

---

[2] "Whoever knowingly and willfully obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States . . . shall . . . be fined under this title or imprisoned not more than one year, or both." 18 U.S.C. § 1501. Indiana Code § 35-44.1-3-1 also provides that "[a] person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court . . . commits resisting law enforcement, a Class A misdemeanor."

A district court has inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991). This includes the power to assess attorney's fees, or even dismiss the action, in certain circumstances, such as "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* Meece's conduct was inexcusable. To threaten a process server certainly qualifies as willful abuse of the judicial process. S*ee Salmeron v. Enter. Recovery Sys.,* 579 F.3d 787, 793 (7th Cir. 2009) ( "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith."). Ultimately, the deposition occurred as scheduled. Since the Defendant was not directly harmed by Meece's misconduct, the payment of the process server fee is not the appropriate sanction.[3] Accordingly, Defendant's request for such relief is denied.

However, Plaintiff's conduct cannot go unpunished. Meese's threat to a process server during the performance of his duties in furtherance of the work of this Court is in effect a threat upon the Court itself. Meese's threatening conduct is reprehensible and his false testimony to the Court in an effort to justify that threatening conduct is intolerable. Accordingly, the Magistrate Judge recommends a monetary fine in the amount of $500 be imposed upon Meece.

### III. Conclusion

Based on the foregoing, the Magistrate Judge recommends the Court **GRANT** *Defendant's Motion for Sanctions for Plaintiff's Interference with Discovery Process and for Entry of Protective Order*. [Dkt. 36.] The Magistrate Judge recommends that Plaintiff be fined

---

[3] In fact, reimbursement of the process server fee is not the proper measure of damages, as that was Defendant's chosen method of service. The only additional expense incurred by Defendant was the minimal cost of the subsequent service of the subpoena by certified mail.

$500.00 for his conduct.  Mr. Meese shall tender a check in the amount of $500.00 payable to the Clerk of Court within fourteen days of the adoption of this Report and Recommendation. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date:  23 NOV 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bradley L. Wilson
JOHN H. HASKIN & ASSOCIATES
bwilson@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com

Theresa Renee Parish
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
theresa.parish@odnss.com