UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES MEECE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00144-JMS-MJD |
| | ) | |
| RAY'S, LLC doing business as RAY'S TRASH SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently pending before the Court is *pro se* Plaintiff James Meece's Objection, [Filing No. 59], to the Magistrate Judge's Report and Recommendation, [Filing No. 52], regarding Defendant Ray's LLC's ("Ray's") Motion for Sanctions for Plaintiff's Interference with Discovery Process, [Filing No. 36].  For the reasons set forth herein, the Court **OVERRULES** Plaintiff's Objection, [Filing No. 59], and **ADOPTS** the Magistrate Judge's Report and Recommendation in full, [Filing No. 52].

**I.
STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72 provides that the Court may refer pre-trial matters to a magistrate judge.  Rule 72(b) requires the magistrate judge to "promptly conduct the required proceedings" including, but not limited to, an evidentiary hearing.  *See also* 28 U.S.C. § 636(b)(1)(B) ("a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . .").  Any party may file an objection to a magistrate

1

judge's recommended disposition within 14 days. Fed. R. Civ. Pro. 72(b)(2); 28 U.S.C. § 636(b)(1).

The Seventh Circuit Court of Appeals has held that "all sanctions requests, whether pre- or postdismissal" constitute dispositive matters. *Retired Chicago Police Ass'n v. City of Chi.*, 76 F.3d 856, 869 (7th Cir. 1996). If a timely objection is made, the Court must conduct a *de novo* review and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3). Thus, while the Court is required to make "a *de novo* determination . . . a *de novo* hearing is not required." *Pinkston v. Madry*, 440 F.3d 879, 893 (7th Cir. 2006) (citing *United Stated v. Raddatz*, 447 U.S. 667, 674 (1980)); *see also Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("But this *de novo* determination is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations."). Instead, if the Court is satisfied with the magistrate judge's findings and recommendations, even with regard to credibility determinations, "it may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671; *see also* 28 U.S.C. § 636(b)(1) (the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

## II.
### BACKGROUND

In February 2015, Mr. Meece filed this action against his former employer, Ray's, alleging that he was inappropriately terminated in violation of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). [Filing No. 1.] On October 21, 2015, Ray's filed a Motion for Sanctions for Plaintiff's Interference with Discovery Process, alleging that Mr. Meece "threatened a process server with a gun thereby preventing him from

serving a notice of deposition and subpoena on Plaintiff's son, Tyler Meece."[1] [Filing No. 36 at 1.] The sanctions motion was referred to the assigned Magistrate Judge, who held an evidentiary hearing on November 5, 2015, [Filing No. 47], and a supplemental evidentiary hearing on November 20, 2015, [Filing No. 51].

On November 23, 2015, the Magistrate Judge issued a Report and Recommendation regarding the pending sanctions motion and summarized the evidentiary hearings as follows:

> Meece filed this action against his former employer, Defendant Ray's LLC, for alleged violations of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). Planning to depose Meece's adult son, Tyler Meese ("Tyler"), a former employee of Ray's, Defendant hired a process server, Mike Bauer, to serve Tyler with a notice of deposition and subpoena. Shortly before noon on Sunday, October 18, 2015, Bauer arrived at Plaintiff's rural Brown County home. Meece was outside the home cooking on a smoker and approached the passenger side of Bauer's pickup truck. Meece testified that Bauer identified himself as being with "Confidential Investigations," but did not give his name or show identification. Meece further testified that Bauer stated he was there to give Tyler some paperwork and a check. When Meece asked for an explanation, Bauer reportedly said the paperwork had something to do with "Tyler's dad." Meece then began to tell Bauer about the lawsuit and how he believed he had been unjustly terminated. Meece sent his wife inside the home to retrieve their son.
>
> The testimony of Meece and Bauer diverge slightly from this point. Bauer testified that he clearly identified himself and told Meece that he was there to serve a subpoena. Bauer stated that, after explaining that he has been wrongfully terminated by Ray's, Meece became agitated and told Bauer that Tyler had nothing to do with his lawsuit and he would not testify in a deposition.
>
> Meece conceded that he told Bauer about his lawsuit and the termination of his employment, but testified that he was not sure who Bauer was or why he was on the property. Meece stated that Bauer had hunting gear in the cab of his truck, including a "cocked," but not loaded, crossbow. Meece further testified that, as a former correctional officer, he was concerned about the possibility of former inmates tracking him down and harming him or his family. Meece stated that he became fearful for his safety and felt threatened by Bauer, who did not exit the vehicle.

---

[1] Ray's also requested a protective order, but since Tyler's deposition was completed as scheduled, that request is moot. [Filing No. 52 at 1 (Magistrate Judge's summary conclusion regarding that issue, to which no party objects).]

> Meece testified that he asked Bauer to leave his property four or five times, then told Bauer he had three seconds to leave his property or he would go inside and get his gun. Bauer left without serving the documents. Defendants later served Tyler by certified mail and the deposition occurred as scheduled on November 10, 2015. Defendant seeks sanctions against Meece for inappropriate conduct and interference with the discovery process and requests that the Court order Meece to pay the process server fee of $251.82.

[Filing No. 52 at 1-3.]

The Magistrate Judge found that some of Mr. Meece's testimony "was not credible" and ultimately concluded that Mr. Meece "not only obstructed the execution of the subpoena, which is a criminal offense under federal and Indiana law, but he also was dishonest in his testimony to the Court." [Filing No. 52 at 3.] Noting the Court's inherent power to fashion an appropriate sanction for conduct that abuses the judicial process, the Magistrate Judge recommended that Mr. Meece be fined $500 for his conduct, payable to the Clerk of Court within fourteen days of the Court's adoption of the Report and Recommendation. [Filing No. 52 at 5.] Mr. Meece filed a timely objection, [Filing No. 59], and the matter is now ripe for the Court's consideration.

### III.
### DISCUSSION

Mr. Meece objects to the Magistrate Judge's recommendation that he should have to pay $500 to the Clerk of Court for allegedly interfering with the discovery process. [Filing No. 59.] Mr. Meece generally disputes the Magistrate Judge's interpretation of the evidence and testimony presented at the evidentiary hearings. [Filing No. 59 at 1.] Mr. Meece emphasizes that Mr. Bauer never showed Mr. Meece identification or paperwork and challenges the Magistrate Judge's conclusion that some of Mr. Meece's testimony was not credible. [Filing No. 59 at 4.]

In response, Ray's opines that Mr. Meece's "continued efforts to distort the truth and make excuses for his misconduct are not acceptable and make a mockery of the legal and judicial process." [Filing No. 62 at 1.] Ray's points out discrepancies that it contends supports the

Magistrate Judge's conclusion regarding Mr. Meece's lack of credibility. [Filing No. 62 at 2-3.] Ray's asks this Court to adopt the Magistrate Judge's recommendation, noting that Mr. Meece's "right to pursue a lawsuit carries with it important responsibilities." [Filing No. 62 at 3.]

In reply, Mr. Meece asks this Court to hold a hearing so that Mr. Meece can "properly defend" himself and "prove [that he is] not making a mockery of this court and the legal and judicial process." [Filing No. 63 at 1-2.] He generically references "documents that need[] to be shown to the court and explained." [Filing No. 63 at 1.]

Arguments presented for the first time in a reply brief are waived. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002). Thus, Mr. Meece's request for another evidentiary hearing—a request to which Ray's has not had a chance to respond—is deemed waived. Even if it is not waived, however, the Court denies Mr. Meece's request for a new hearing. The Magistrate Judge held two evidentiary hearings on the pending sanctions motion, [Filing No. 47; Filing No. 51], and Mr. Meece should have shown any "documents that need[] to be shown to the court and explained" during those hearings. Although this Court is making a *de novo* determination regarding the Magistrate Judge's ruling, "a *de novo* hearing is not required." *Pinkston*, 440 F.3d at 893. Instead, if the Court is satisfied with the Magistrate Judge's findings and recommendations, even regarding credibility determinations, the Court "may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671. For the reasons set forth below, this is such a case.

In making his recommendation, the Magistrate Judge found it to be undisputed that Mr. Meece had told Mr. Bauer that Mr. Bauer had three seconds to leave his property or that Mr. Meece would go inside and get his gun. [Filing No. 52 at 3.] The Magistrate Judge found Mr. Meece's attempt to dispute whether Mr. Meece understood that Mr. Bauer was there to serve paperwork on

5

Tyler regarding Mr. Meece's lawsuit "not credible [because i]f Meece truly did not understand why Bauer was there, he would not have told him the story of his lawsuit or remark that his son was not involved." [Filing No. 52 at 3.] That observation and conclusion are well-taken, as are the Magistrate Judge's observation that if Mr. Meece "truly been fearful for his safety, he would have sent his wife away from the potentially dangerous situation; he would not have instructed his wife to bring his son into that allegedly dangerous situation." [Filing No. 52 at 3.] Moreover, as the Magistrate Judge observed, it is undisputed that Mr. Bauer never even got out of his pickup truck. [Filing No. 52 at 3.]

The Court is satisfied that the Magistrate Judge conducted the appropriate evidentiary hearings to make findings and recommendations regarding the pending sanctions motion. Mr. Meece's arguments to the contrary ignore the Magistrate Judge's adverse credibility finding, which the Court finds to be appropriate in light of the Magistrate Judge's explanation. Thus, the Court adopts all of the Magistrate Judge's findings and its own. Based on these findings, the Court agrees with the Magistrate Judge that Mr. Meece obstructed the execution of the subpoena and was dishonest in his testimony to the Magistrate Judge. The Court further agrees that the recommended sanction is appropriate, and Mr. Meece is ordered to tender a check in the amount of $500 payable to the Clerk of Court of the Southern District of Indiana within **fourteen days** of the entry of this Order on the Court's docket.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Mr. Meece's Objection, [Filing No. 59], and **ADOPTS IN FULL** the Magistrate Judge's Report and Recommendation, [Filing No. 52]. Thus, the Court **GRANTS** Ray's Motion for Sanctions, [Filing No. 36], and **ORDERS**

Mr. Meece to tender a check in the amount of $500 payable to the Clerk of Court of the Southern District of Indiana within **fourteen days** of the entry of this Order on the Court's docket.

Date: February 19, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

JAMES MEECE
4400 Branstetter Road
Nashville, IN 47448

**Electronic Distribution via CM/ECF:**

Bradley L. Wilson
JOHN H. HASKIN & ASSOCIATES
bwilson@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
steven.pockrass@ogletreedeakins.com

Theresa Renee Parish
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
theresa.parish@odnss.com